THOMAS BROWN, Appellant, v. J. H. HOUSER et al., Respondents.

No. 1650; April 12, 1870.

**Appeal.—In Reversing a Judgment in a Cause Submitted** to the trial court on an agreed statement of facts, when the facts as stated are indefinite, and the record fails to show that the court relied on them alone, the appellate court cannot indicate the character of the judgment to be entered, but can only remand the cause for further proceedings.

**Appeal.—The Record Should Show the Action of the Court Below** in admitting or rejecting matter of proof and the exceptions, if any, in each instance, so that an aggrieved party may, through the instrumentality of his exceptions, have the points of grievance considered on appeal.

**Trial—Objections to Testimony—Exceptions.—**The fact that a cause is tried by the court without a jury is no reason why objections to testimony should not be promptly determined and exceptions formally taken.

APPEAL from Fifteenth Judicial District, San Francisco County.

J. P. Treadwell for appellant; Porter & Holladay for respondents.

WALLACE, J.—This was an action of ejectment tried before the court without the intervention of a jury. J. J. Bryant was the admitted owner of the premises in 1850. The appellant derives his claim through a conveyance by Bryant to Reuben Clark, made November 19, 1853, a conveyance of an undivided interest from the latter to George in 1855, a sheriff's deed to Treadwell in 1858, sufficient to convey to him all the title of Clark and George, and another conveyance from Treadwell to the appellant, made about March 24, 1863, when this action was commenced. These several conveyances vested the appellant with the legal title to the premises, unless it had, previously to 1853, passed from Bryant to the respondents. In order to show that it had, the respondents relied only upon the effect of a sheriff's sale of the premises in controversy upon proceedings had in the cause of Starkey, Janion

& Co. v. Bryant, and being the same which we have lately had under consideration in Clark v. Sawyer. We held in that case that those proceedings were ineffectual to pass the legal title of Bryant to purchasers at that sale. There, however, the only issue arising on the pleadings concerned the legal title to the premises in controversy, while here the respondents, besides setting up their alleged title in fee, have interposed an equitable defense.

At the trial no witnesses were sworn or examined by either party, but the case was submitted upon what is styled in the record here a "written statement of facts agreed to, upon which the case was submitted." Such a statement is authorized by section 180 of the Practice Act, and, when agreed to in due form, has the effect of a special verdict, which is that by which the jury find the facts only, "leaving the judgment to the court . . . . and those conclusions of fact must be so presented, as that nothing shall remain to the court, but to draw from them conclusions of law."

If there were, indeed, such a statement here, it would become our duty, in connection with the reversal of this judgment, to indicate the character of the judgment to be entered by the court below on the return of the cause. This could only be done, however, when the record makes it absolutely certain that the facts, upon which that court acted, are precisely those upon which we are proceeding here. On examination of the so-called "agreed statement," we discover that a considerable portion thereof (and which is very important as affecting the equitable defense here made) was not absolutely and definitely admitted as constituting a part of the facts before the court below, but was only to be considered by that court "if the court shall judge that the testimony, or any part of it, would be competent and admissible, if offered by the defendants and duly objected to by the plaintiff, [then] it, or so much of it as would be adjudged competent and admissible is to be taken as a further statement of agreed facts." It could not be determined until the court had ruled on the objections of the plaintiff whether any, or which, of the facts thus conditionally admitted became part of the facts of the case, the consideration of which would constitute an element in the judgment.

The record here shows no action of the court below admitting or rejecting any portion of these facts. If that court had refused to admit a portion of the facts contained in this conditional statement, an exception could have been taken by the party injured thereby, and through the instrumentality of that exception the ruling, in that respect, could have been reviewed here, and reversed, if erroneous. But in such case the evidence so excluded could not be regarded as constituting part of the facts upon which the judgment below was actually entered; on the contrary, its improper exclusion would be the very basis of the exception and reversal.

The court below should, under such circumstances, distinctly indicate by its ruling at the trial what portion of the evidence offered is admitted, and what portion is excluded as improper. In no other way can that degree of certainty, so desirable in judicial proceedings, be attained. The practice of receiving testimony subject to the objection of the opposite party is one productive of much confusion and possible injustice to litigants, and should not be indulged. Unless counsel may know, as the trial progresses, what particular evidence is actually admitted or excluded, it will be exceedingly difficult for them to determine upon the course best calculated to present the merits of the controversy upon its final determination.

There is no good reason why an objection, made to the admissibility of evidence on a trial before the court, should not be as promptly determined as though a jury were impaneled, and a due regard to the intelligent administration of justice requires it in the one case as much as in the other. Of course, we are not to be understood as intimating that the learned court below has given its sanction to such a practice, for here the offer of the evidence under reserved objections was the result of the stipulation of counsel made before the trial, and seems never to have been called to the attention of the court.

In view, however, of the degree of uncertainty attending the record in the particular mentioned, we do not feel at liberty to go farther than to reverse the judgment, and remand the case for further proceedings.

As we have already intimated, a portion of the evidence left in this doubtful situation concerns particularly the equitable defense, upon the sufficiency of which, we think, the

controversy must eventually be decided, and which rests upon the estoppel in pais against Bryant; notice of the equity of respondent brought home to Clarke, Treadwell and the appellant; whether these last were bona fide purchasers from Bryant, without notice of this equity; the particular times (with reference to November 19, 1853) at which respondents entered into possession of the premises; the character of that possession, and the like. And as the case must go back for retrial, we cannot forbear to remark that the equitable defense here pleaded can hardly be said to contain the essential elements of a bill in equity, so often held by this court to be necessary in setting up such a defense in an action of ejectment.

Judgment reversed, and cause remanded.

I concur: Temple, J.

I concur in the judgment: Sprague, J.

Crockett, J., being disqualified, did not participate in the decision.